UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT H. SUNDERMIER, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 3:16-cv-18(MPS) |
| : | |
| WARDEN CHAPDELAINE, ET AL., : | |
|     Defendants. : | |

## **INITIAL REVIEW ORDER**

The plaintiff, Robert H. Sundermier, is incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut ("MacDougall-Walker"). He filed a complaint against Warden Carol Chapdelaine, Dr. S. Naqvi, Dr. Wu, Nursing Supervisor Heidi Green and Associate Director of Patient Care Mary Ellen Castro. Although the complaint does not specify a legal theory, the Court construes it to assert violations of the Eighth Amendment. On March 9, 2016, the plaintiff moved for leave to file an amended complaint. On April 29, 2016, the court granted the motion to amend and directed the plaintiff to file his amended complaint within twenty days of the date of the order. To date, the plaintiff has not filed an amended complaint. Accordingly, the court reviews the allegations in the original complaint.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility.  *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

The plaintiff claims that on August 28, 2015, at his sentencing hearing in state court, he injured his left hip and ankle.  Upon his return to MacDougall-Walker, officers transported him in a wheelchair to the medical department to be examined.

On August 31, 2015, Dr. Naqvi referred him for x-rays of his left ankle and hip and provided him with crutches.  On September 3, 2015, the plaintiff began taking pain medication.  On September 4, 2015, a nurse sent the plaintiff to the hospital because she could not detect a pulse in his ankle.  The plaintiff contends that the nurse mistakenly checked for a pulse on the wrong side of his ankle.  An ultrasound revealed no blood-clot in his left leg or ankle.

On September 9, 2015, Dr. Naqvi prescribed a muscle relaxant and referred the plaintiff for a CT scan and a consultation with an orthopedist.  Dr. Naqvi did not issue the plaintiff a pass to shower in the handicapped shower room or wrap the plaintiff's ankle.  The plaintiff washed himself using water from the sink in his cell.

On September 22, 2015, Dr. Naqvi prescribed a stronger pain medication to be taken in

the evening.  On September 26, 2015, Dr. Naqvi prescribed pain medication to be taken during the day.  On October 7, 2015, Dr. Naqvi informed the plaintiff that the requests for a consultation had been approved.  He also prescribed a stronger pain medication to be taken by the plaintiff during the day.

On November 4, 2015, a vascular surgeon examined the plaintiff.  On November 5, 2015, the plaintiff underwent a CT scan which revealed two bulging discs, degenerated disc disease and a pinched sciatic nerve.

On November 8, 2015, the plaintiff wrote to Captain Hall asking to be permitted to use the handicapped shower room.  Captain Hall contacted Nurse Heidi Green regarding the plaintiff's medical status.  On November 15, 2015, the plaintiff asked Dr. Naqvi why he still had not been examined by an orthopedist.  He also requested a wheelchair and stronger pain medication.

On November 16, 2015, Dr. Naqvi prescribed a pain medication patch.  The plaintiff developed an allergic reaction to the patch.  The plaintiff's left ankle was still painful and swollen.

On November 25, 2015, the plaintiff was approved for a shower in the handicapped shower room and was moved to a handicapped cell.

The plaintiff filed a grievance about the failure of Dr. Naqvi to refer him to be seen by an orthopedist.  On December 2, 2015, a follow-up visit with the vascular surgeon indicated there was no evidence of vascular problems.

On December 3, 2015, Dr. Naqvi ordered a wheelchair for the plaintiff and referred the plaintiff for x-rays of his left foot.  On December 20, 2015, Dr. Naqvi informed the plaintiff that

the x-rays revealed no broken bones in his left foot. On December 24, 2015, after using crutches for seventeen weeks, medical staff approved the plaintiff to use a wheelchair. On December 30, 2015, the plaintiff wrote the medical department complaining of a loss of sensation in his left foot.

For relief, the plaintiff seeks monetary damages. To the extent that the plaintiff seeks damages against the defendants in their official capacities, the claims are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Quern v. Jordan*, 440 U.S. 332, 342 (1979). All such claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

The plaintiff alleges that Dr. Naqvi was required to submit requests to increase his pain medication to Dr. Wu for approval. There are no facts alleged to suggest that Dr. Wu did not approve the requests for changes or increases in the plaintiff's pain medications. The allegations pertaining to Dr. Wu's involvement in approving requests for changes in medication do not state a claim that Dr. Wu was deliberately indifferent to the plaintiff's medical needs. The claims against Dr. Wu are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

The plaintiff describes Mary Ellen Castro as the Director of Patient Care Service and Nursing for the University of Connecticut Correctional Managed Health Care. The plaintiff describes Carol Chapdelaine as the Warden of MacDougall-Walker. There are no other allegations with regard to Mary Ellen Castro or Carol Chapdelaine in the body of the complaint. Thus, the plaintiff has not alleged that either Mary Ellen Castro or Warden Chapdelaine violated his federally or constitutionally protected rights. The claims against Director Mary Ellen Castron and Warden Carol Chapdelaine are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

The only allegation with regard to Nursing Supervisor Green pertains to her providing information about the plaintiff's medical status to Captain Hall.  This information led to the approval of the plaintiff's request to use the handicapped shower room.  These allegations do not state a claim of deliberate indifference to the plaintiff's medical needs on the part of Nursing Supervisor Green.  The claims against Nursing Supervisor Green are dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

Although many of the plaintiff's allegations concerning Dr. Naqvi suggest that he was generally responsive to the plaintiff's complaints and medical needs, including prescribing x-rays, crutches, and pain medications, the plaintiff does make one allegation that, construed liberally, is suggestive of deliberate indifference to medical needs in violation of the Eighth Amendment. *See Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) ("To state a claim under § 1983 for deprivation of medical treatment in violation of the Eighth Amendment, a plaintiff must show that the defendant acted with deliberate indifference to serious medical needs.") (internal quotation marks omitted); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."). Specifically, the plaintiff alleges that in September 2015, Dr. Naqvi informed him that he would be seen by an orthopedist, but he was never seen by an orthopedist.  Dr. Naqvi refused to explain why an orthopedist did not evaluate the plaintiff's symptoms of swelling and pain in his left leg, ankle and foot or the results of the CT scan of his lumbar spine.  The plaintiff still suffers from pain and swelling in his left leg and ankle and has difficulty sleeping.

The court concludes that the plaintiff has stated a plausible Eighth Amendment claim of

5

deliberate indifference to his health and safety and medical needs against Dr. Naqvi. This claim will proceed against defendant Naqvi in his individual capacity.

## ORDERS

The Court enters the following orders:

(1)    The claims against all defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2).  The claims against defendants Chapdelaine, Wu, Greene and Castro in their individual capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The Eighth Amendment claim of deliberate indifference to the plaintiff's health and safety and medical needs will proceed against defendant Dr. S. Naqvi in his individual capacity.

(2)    **Within twenty-one (21) days of this Order**, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work address for Dr. S. Naqvi and mail a waiver of service of process request packet to Dr. Naqvi in his individual capacity at his current work address.  On the thirty-fifth (35th) day after mailing, the Clerk shall report to the court on the status of all the requests.  If defendant Naqvi fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4)    Defendant Naqvi shall file a response to the complaint, either an answer or motion to dismiss, **within sixty (60)** days from the date the notice of lawsuit and waiver of service of summons forms are mailed to him.  If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims recited above.  He may also include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed **within six months (180 days)** from the date of this order. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed **within seven months (210 days)** from the date of this order.

IT IS SO ORDERED.

      /S/
Michael P. Shea, U.S.D.J.

Dated:   Hartford, Connecticut
          August 2, 2016